ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER REQUESTING AN OPINION CONCERNING HOUSE BILL 2190 (42ND LEGISLATURE, 1990 SECOND REGULAR SESSION). YOU SPECIFICALLY ASK ABOUT THAT BILL'S AMENDMENT OF THE OKLAHOMA CAPITAL INVESTMENT ACT WHICH AUTHORIZES THE OKLAHOMA DEVELOPMENT FINANCE AUTHORITY TO PERMIT OKLAHOMA CAPITAL INVESTMENT BOARD GUARANTEED CAPITAL TO BE INVESTED OUTSIDE OF OKLAHOMA TO THE EXTENT AN OKLAHOMA CAPITAL INVESTMENT BOARD GUARANTEED FUND OR PORTFOLIO ATTRACTS AT LEAST MATCHING CO-INVESTMENT IN OKLAHOMA BUSINESSES OR PROJECTS. 74 O.S. 5061.8 (1990).
YOUR LETTER ASKS ABOUT THE CONSTITUTIONALITY OF THE FOREGOING NEW LANGUAGE.
IN A.G. OPIN. NO. 88-020, THE ATTORNEY GENERAL REVIEWED THE OKLAHOMA CAPITAL INVESTMENT ACT TO DETERMINE ITS CONSTITUTIONALITY UNDER A NUMBER OF PROVISIONS OF THE OKLAHOMA CONSTITUTION. WHILE YOUR LETTER DOES NOT SUGGEST ANY SPECIFIC PROVISION OF OKLAHOMA'S CONSTITUTION WHICH MIGHT NOW BE VIOLATED BY THE ACT, NONE OF THE PROHIBITIONS FOUND RELEVANT IN OUR EARLIER OPINION DISTINGUISHES ON ITS FACE BETWEEN IN-STATE AND OUT-OF-STATE ACTIVITIES.
HOWEVER, THE PREVIOUS OPINION DID DISCUSS THE PUBLIC PURPOSE ASPECT OF THE ACT IN RELATION TO OKLA. CONST. ARTICLEX, SECTION 15, WHICH FORBIDS THE "CREDIT OF THE STATE (FROM BEING) GIVEN, PLEDGED, OR LOANED" TO ANY INDIVIDUAL OR OTHER ENTITY. IN FINDING THE ACT DID NOT VIOLATE THIS PROVISION, THE ATTORNEY GENERAL NOTED THAT PURSUANT TO WAY V. GRAND LAKE ASSOCIATION INC., 635 P.2D 1010 (OKLA. 1981), LEGISLATION WHICH MAKES A GRANT OF STATE MONIES TO NON-STATE ENTITIES MUST SERVE A LEGITIMATE PUBLIC PURPOSE AND CONTAIN ADEQUATE DETAILED CONDITIONS, SAFEGUARDS AND CONTROLS TO ASSURE THE PROPER USE OF THE FUNDS IN QUESTION. THE OPINION FINDS THAT THE "LANGUAGE CONTAINED IN THE CAPITAL INVESTMENT ACT DOES PROVIDE THE TYPE OF LEGISLATIVELY MANDATED CONTROLS, SAFEGUARDS AND CONDITIONS REQUIRED FOR THE AUTHORITY TO RECEIVE AND DISBURSE THE INCOME TAX CREDITS GRANTED TO IT. MINIMUM CRITERIA TO ASSURE PRUDENT INVESTMENT ACTIVITIES DESIGNED TO EFFECTUATE THE PUBLIC PURPOSES BEHIND THE ACT'S PASSAGE HAVE BEEN SET FORTH (IN THE ACT)."
A.G. OPIN. NO. 88-20.
THE ACT'S "LEGITIMATE PUBLIC PURPOSE" IS STATED BY THE LEGISLATURE IN THE ACT TO BE THAT OF MOBILIZING NEW PRIVATE SECTOR EQUITY AND NEAR-EQUITY CAPITAL FOR INVESTMENT IN WAYS DESIGNED TO PROMOTE NEW JOBS AND TO DIVERSIFY AND STABILIZE THE STATE'S ECONOMY. SEE, 74 O.S. 5061.2 AND 74 O.S. 5061.3 (1990). ALTHOUGH IT MAY BE ARGUED THAT THIS PUBLIC PURPOSE HAS BEEN DILUTED BY THE PASSAGE OF THE NEW LANGUAGE TO WHICH YOUR REQUEST REFERS, DETERMINATION OF THE FACTUAL LIKELIHOOD OF THIS, AS A MATTER OF LAW, IS BEYOND THE SCOPE OF AN ATTORNEY GENERAL OPINION. MOREOVER, GIVEN THE ATTORNEY GENERAL'S PREVIOUS PRONOUNCEMENT THAT THE ACT IS CONSTITUTIONAL, AS WELL AS THE STRONG BASIC PRESUMPTION OF CONSTITUTIONALITY OF LEGISLATIVE ENACTMENTS, AND FURTHER GIVEN THE ADVISORY NATURE OF ANY ATTORNEY GENERAL OPINION WHICH HOLDS AN ACT OF THE LEGISLATURE UNCONSTITUTIONAL, YORK V. TURPEN, 681 P.2D 763, 767 (OKLA. 1984), IT DOES NOT APPEAR THAT A SECOND ATTORNEY GENERAL OPINION ADDRESSING THE CONSTITUTIONALITY OF THE ACT WOULD BE USEFUL AT THIS TIME.
(SUSAN BRIMER LOVING)